IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-165-FL

| | | |
|---|---|---|
| BRIAN GEORGE DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| A. T. SANTANIELLO, (Raleigh PD Officer) & spouse; ROY B. BIVERENT (Raleigh PD Officer) & spouse; K. B. HINTON (Wake County Sheriff Deputy) & spouse; SHAUN MIDDLEBROOK (District Attorney) & spouse; JENNIFER SIMMON (District Attorney) & spouse; CASEY REGO (District Attorney) & spouse; ERIC CRAIG CHASSE (Judge) & spouse; LOUIS MEYER (Judge) & spouse; ANNE SALISBURY (Judge) & spouse; DANIEL NAGEL (Judge) & spouse; JAMES E. HARDIN, JR. (Judge) & spouse; JOHN H. CONNELL (Clerk of Court, NC Court of Appeals) & spouse; T. Bird (Wake County Sheriff Deputy & Bailiff) & spouse, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that plaintiff's complaint be dismissed for lack of subject matter jurisdiction, and alternatively for failure to state a claim upon which relief may be granted. (DE 3). Plaintiff filed objections to the M&R (DE 5), and also filed an amended

complaint on October 21, 2015. (DE 6). In this posture, the issues raised are ripe for ruling. For the following reasons, the court conducts frivolity review of the amended complaint, adopts the M&R in relevant part, and dismisses plaintiff's claims.

## BACKGROUND[1]

Underlying this case are two traffic citations issued to plaintiff. (Compl., DE 1-1, ¶ 2). Following state court proceedings related to the traffic citations, plaintiff filed suit against 26 defendants involved in the court proceedings and their spouses, including law enforcement officers, assistant district attorneys, judges, and court personnel. (Id. 1). Plaintiff alleges that the state court proceedings violated many of his civil rights, including his rights under the Fifth, Sixth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; conspiracy to commit such violations under 18 U.S.C. § 1985; and conspiracy in violation of the Racketeer Influenced and Corrupt Practices Act ("RICO"), 18 U.S.C. § 1962(d). Plaintiff alleges that the most fundamental violation was the state courts' purported lack of jurisdiction and purported refusal to respond to his requests for explanation of jurisdiction. (Compl., DE 1-1, ¶¶ 2, 11, 13).

Plaintiff requested to proceed in forma pauperis ("IFP"), and seeks compensatory damages in the total amount of $7,021,000.00, broken down as follows: 1) $10,500.00 for missed work as a result of mandatory court appearances; 2) $10,500.00 for time spent preparing his legal defense; and 3) $7,000,000.00 for copyright infringement arising from the use of plaintiff's name in official correspondence and court proceedings. (Id. 8 ¶¶ A–D).

On October 7, 2015, the magistrate judge granted plaintiff's IFP petition and issued the M&R, recommending that plaintiff's complaint be dismissed for lack of subject matter jurisdiction

---

[1] The court adopts and incorporates herein in large part the background set forth in the M&R, augmented where necessary in light of the court's analysis of plaintiff's objections and amended complaint.

pursuant to the Rooker-Feldman doctrine and Younger abstention doctrine. To the extent that any of plaintiff's claims are not barred by those doctrines, the M&R recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

On October 21, 2015, plaintiff filed a number of objections to the M&R. (DE 5). Most objections centered on the M&R's treatment of the state courts' subject matter jurisdiction. Plaintiff also objected on the following bases: failure to accept as true an uncontested affidavit; failure to apply a standard of review pursuant to the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253; and wrongful labeling or characterization of the traffic citations as "petty crimes" and "misdemeanors." Plaintiff does not dispute the M&R's evaluation that various theories of immunity bar his claims against defendants, including the assistant district attorneys, judges, court personnel, and law enforcement officers. Nor does plaintiff dispute that he has failed to state a claim against any named defendant's spouse.

Plaintiff's amended complaint, also filed on October 21, 2015, adds as defendants Margaret Eagles, Donnie Harrision, and both parties' spouses. (DE 6). The amended complaint restates all of the allegations contained in the original complaint, and it introduces several new allegations based upon the theory that the United States is the parent corporation of North Carolina and therefore liable for commercial law violations of North Carolina's state courts. Plaintiff adds claims of fraud, copyright infringement, and unjust enrichment. In support of the amended complaint, plaintiff submitted three exhibits: a news article describing a case involving use of a celebrity's name (DE 6-1); plaintiff's misdemeanor statement of charges form (DE 6-2); and a document titled, "Res Judicata - Unrebutted or Uncontested Affidavit," listing citations to various cases involving uncontested affidavits. (DE 6-3).

3

**COURT'S DISCUSSION**

A.    Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

4

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

    1.   Amended Complaint

A plaintiff is allowed to amend his complaint as a matter of right within 21 days of filing of the complaint, or prior to a defendant's answer, pursuant to Federal Rule of Civil Procedure 15. Plaintiff filed his original complaint on October 7, 2015 (DE 4), and his amended complaint on October 21, 2015, with no answer from defendants. (DE 6). Therefore, the court addresses below frivolity review of the amended claims along with plaintiff's objections to the M&R.

    2.   Frivolity Review

        a.   Amended Claims

Plaintiff asserts three new causes of action in his amended complaint: fraud, copyright infringement, and unjust enrichment. Upon frivolity review, plaintiff fails to state a claim under all three causes of action against named defendants and as against all named defendants' spouses.

A claim for fraud requires, in relevant part, "[f]alse representation . . . of a material fact." Forbis v. Neal, 361 N.C. 519, 526 (2007). Plaintiff alleges defendants committed fraud in describing one of his traffic violations as criminal and carrying a potential jail sentence because plaintiff contends the offense merely was a noncriminal infraction. (Am. Compl., DE 6, p.8; see DE 6-2).

Plaintiff's exhibit, Misdemeanor Statement of Charges, lists a charge for violation of N.C. Gen. Stat. § 20-141(j1). (DE 6-2). Under North Carolina law, violation of that subsection is a Class 3 misdemeanor, N.C. Gen. Stat. § 20-141(j1), which mandates criminal sentencing and is punishable by a fine and imprisonment for a maximum of 20 days. N.C. Gen. Stat. § 15A-1340.23(b), (c)(2).

Accordingly, defendants' issuance of a misdemeanor statement of charges, and their description of the charge as criminal and carrying a potential jail sentence, were not false representations of a material fact. See Forbis, 361 N.C. at 526. Plaintiff's reference to the M&R's discussion of "noncriminal infractions" is unavailing where that analysis was conducted to evaluate plaintiff's claim for violation of his right to a jury trial. (See DE 3, pp.10–11). Therefore, plaintiff's claim for fraud "lacks an arguable basis either in law or in fact," and must be dismissed as frivolous. See Neitzke, 490 U.S. at 325.

Plaintiff's amended complaint renews his claim for copyright infringement arising from the use of his name in the courtroom and in official correspondence. Although plaintiff submits a newspaper article describing a case involving the unlicensed use of a celebrity's name (DE 6-1), that article's underlying case is inapposite where that plaintiff relied on the Illinois Right of Publicity Act, 765 Ill. Comp. Stat. 1075/40. Jordan v. Dominick's Finer Foods, No. 10-C-407, 2015 WL 4498909, at *1 (N.D. Ill. July 23, 2015). "Words and short phrases such as names" are not subject to copyright. 37 C.F.R. § 202.1(a). Plaintiff fails to state a claim for copyright infringement, and therefore this cause of action must be dismissed.

Plaintiff also asserts a claim for unjust enrichment, characterizing the traffic charges as "commercial presentents [sic]," based upon a theory that "[t]he UNITED STATES is the parent corporation of the NORTH CAROLINA and therefore is liable to address commercial law violations of its subsidiary." (DE 6, ¶¶ 11, 9). However, traffic charges are not commercial instruments capable of presentment, see N.C. Gen. Stat. § 25-3-501(a), and the United States is not a parent corporation of North Carolina. See Pennoyer v. Neff, 95 U.S. 714, 722 (1877) ("[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory.").

6

Federal district courts, including this court and a number of other courts within this circuit, consistently have rejected claims based on similar theories as frivolous. See Johnson v. North Carolina, No. 4:14-CV-50-FL, 2015 WL 413607, at *5 (E.D.N.C. Jan. 30, 2015) ("While plaintiff may genuinely believe the facts he alleges, the law simply does not recognize that these allegations set forth a plausible claim."); Barber v. Countrywide Home Loans, Inc., No. 2:09-CV-GCM, 2010 WL 398915, at *4–5 (W.D.N.C. Jan. 25, 2010); Nuñez v. D.T.C., No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013); Ferguson-El v. Virginia, No. 3:10-CV-577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011); Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 760 (W.D. Va. Dec. 19, 2007); United States v. Mitchell, 405 F. Supp. 2d 602, 606 (D. Md. 2005). Plaintiff's "unreasonable conclusions" regarding commercial presentment fail to state a claim for unjust enrichment, and therefore plaintiff's claim is dismissed as frivolous. See Nemet Chevrolet, Ltd., 591 F.3d at 255.

Plaintiff included every named defendant's spouse as a party to these claims on the basis that he or she profited from defendants' alleged violations. In addition to plaintiff's amended complaint failing to state a claim, plaintiff also has not alleged any facts pertaining to any named defendant's spouse. The court does not consider "bare assertions devoid of further factual enhancement," and therefore plaintiff has failed to state a claim against any named defendant's spouse. See id.

b. Objections

Plaintiff enumerates eight objections to the M&R's evaluation that the complaint be dismissed for lack of subject matter jurisdiction or for failure to state a claim.[2] The objections address four issues: subject matter jurisdiction (Obj. to M&R, DE 5, ¶¶ 4–7); an uncontested affidavit (id. ¶ 3); declaratory judgment standard of review (id. ¶ 9); and use of the labels "petty crime" and "misdemeanor" (id. ¶¶ 10–11).

The court does not perform a de novo review where a party makes only "general and conclusory objections [to an M&R]," Orpiano, 687 F.2d at 47, and absent a specific objection, the court reviews the M&R only for "clear error." Diamond, 416 F.3d at 315. Plaintiff's first group of objections pertain to subject matter jurisdiction. However, these objections repeat arguments from plaintiff's complaint, and they variously consist of hypothetical questions and conclusory statements of law. (See, e.g., DE 5, ¶ 5) ("So, when the state judges ignore federal law, how can the Magistrate consider that remedy be found with the state judges?").

The M&R thoroughly addressed the issue of subject matter jurisdiction pursuant to District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482–84 (1983) (describing application of the Rooker-Feldman doctrine) and Younger v. Harris, 401 U.S. 37 (1971). As set out in the M&R, the Rooker-Feldman doctrine bars plaintiff from seeking redress for an injury allegedly caused by the state courts' decisions, and the Younger abstention doctrine prohibits this federal district court from

---

[2] Plaintiff does not dispute the M&R's evaluation that various theories of immunity bar his claims against defendants. Nor does plaintiff dispute that he has failed to state a claim against any named defendant's spouse. Accordingly, the court adopts and incorporates herein those portions of the M&R demonstrating immunity of named defendants and plaintiff's failure to state a claim against named defendants' spouses. See 28 U.S.C. § 636(b)(1). Therefore, plaintiff's claims for violations arising under § 1983, § 1985, and RICO are dismissed for failure to state a claim upon which relief can be granted where those claims are barred by named defendants' immunity.

8

intervening in the instant state court proceedings. Upon review of the M&R, the court adopts and incorporates herein the M&R's analysis as it pertains to plaintiff's objections concerning subject matter jurisdiction. See 28 U.S.C. § 636(b)(1).

Plaintiff next objects that the M&R failed to accept as true plaintiff's "unrebutted affidavit" that defendants committed numerous violations of federal law. (Obj. to M&R, DE 5, ¶ 3). However, "materials referred to in an affidavit . . . must be placed in the record." Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment. Although an uncontested affidavit may support a claim or motion that is based upon a valid legal theory, it cannot support claims whose factual contentions clearly are baseless. See Neitzke, 490 U.S. at 327. For example, arguments based upon "unreasonable conclusions" may be dismissed as frivolous. Nemet Chevrolet, Ltd., 591 F.3d at 255.

Plaintiff failed to include in the record any of the "other legal documents" referred to in his objection, including the affidavit itself. (See DE 5, ¶ 3). Instead, plaintiff submitted a document listing citations to various cases involving uncontested affidavits. (DE 6-3). However, that document referenced only one applicable case from the Fourth Circuit, Lolavar v. de Santibanes, 430 F.3d 221 (4th Cir. 2005). In Lolavar, defendant Fernando de Santibañes supported a motion to dismiss for lack of personal jurisdiction with an uncontested affidavit. Id. at 226–27. His fourteen-paragraph affidavit described in extensive detail the nature of de Santibañes's contacts with the relevant forum state. Id. at 226 n.4. By comparison, plaintiff's description of his missing affidavit and its absent supporting material shows that plaintiff's affidavit is conclusory and factually baseless. (See Am. Compl., DE 6, ¶ 43) ("Plaintiff extensively listed US Codes regarding driver licensing . . . in Plaintiff's 'DECLARATION OF CONTRACT BY AFFIDAVIT OF TRUTH.'").

9

The court finds that, based upon plaintiff's description of his affidavit, it contains "bare assertions devoid of further factual enhancement," and lacks supporting materials in the record, including the affidavit itself. See Nemet Chevrolet, Ltd., 591 F.3d at 255. Therefore, plaintiff's objection on this point fails.

Plaintiff also objects that the M&R failed to apply a standard of review according to the Declaratory Judgment Act (the "DJA"), N.C. Gen. Stat. § 1-253. Under North Carolina law, only "[c]ourts of record within their respective jurisdictions are expressly empowered to declare such rights [of a person affected by a statute or municipal ordinance.]" Bland v. City of Wilmington, 278 N.C. 657, 659 (1971). A district court does not have jurisdiction to entertain a declaratory judgment action as a substitute for post-conviction remedies. Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir. 1970); Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir. 1953) (per curiam) ("If there was any irregularity in the sentence or orders under which appellant was held . . . appellant's remedy was a motion in the sentencing court . . . not a petition for a declaratory judgment in another court.").

Although plaintiff correctly describes in his objection the standard for declaratory judgment, he fails to show that it applies here. At no point in this case has plaintiff moved for declaratory judgment on his claims. Even if plaintiff had so moved this court, it would not have jurisdiction where plaintiff attempts to seek post-convictions remedies and de facto appellate review of his state court traffic violation. See Pruitt, 429 F.2d at 645. Therefore, plaintiff's objection that the M&R failed to apply a standard pursuant to the DJA fails.

Plaintiff's final two objections allege that the M&R improperly characterized and wrongly labeled one of plaintiff's traffic violations. Plaintiff disputes the term "petty crimes," arguing that "a misdemeanor crime and threatened imprisonment [ ] can hardly be stated as petty." (Obj. to

10

M&R, DE 5, ¶ 10). The M&R described plaintiff's charge as a petty crime in the context of its evaluation of plaintiff's right to a jury trial under the Sixth Amendment. "A possible six-month penalty is short enough to permit classification of the offense as 'petty.'" Baldwin v. New York, 399 U.S. 66, 68–69 (1970). As explained above, plaintiff's offense carried a maximum of twenty days' imprisonment. See N.C. Gen. Stat. § 15A-1340.23(c)(2). Therefore, plaintiff's offense falls within the definition of "petty crimes" for purposes of the Sixth Amendment and may be described as such. Plaintiff's objection on this point fails.

Finally, plaintiff objects to the label "misdemeanor" and asserts that defendants instead should have charged him with "commercial presentment and infraction." (Obj. to M&R, DE 5, ¶ 11). This objection is resolved by the court's previous findings regarding plaintiff's claims for fraud and unjust enrichment. As found above, plaintiff was charged with a misdemeanor pursuant to N.C. Gen. Stat. § 20-141(j1), and therefore defendants' use of the label "misdemeanor" was without error. Also as found above, plaintiff's argument for a corporate relationship between the United States and North Carolina is without merit, and therefore commercial presentment is not a valid claim. As a result, the court rejects plaintiff's final two objections to use of the terms "petty crimes" and "misdemeanor."

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R, the court **ADOPTS** the M&R in part. (DE 3). In particular, the court **DISMISSES** plaintiff's claims as asserted in the complaint and amended complaint for the reasons stated herein and in the M&R,

11

upon frivolity review. Accordingly, the action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 19th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge